March 25, 2021

**Supreme Court**

No. 2019-241-Appeal.
(PC 16-1233)

Ocwen Loan Servicing, LLC           :

            v.                                    :

Ana Medina et al.                        :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or  Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ocwen Loan Servicing, LLC      :

v.      :

Ana Medina et al.      :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** The defendant, Ana Medina (Ms. Medina or defendant), appeals from an order of the Superior Court confirming the judicial foreclosure sale of her home in favor of the plaintiff, Ocwen Loan Servicing, LLC (Ocwen or plaintiff). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions, and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## Facts and Travel

Ms. Medina was the record owner of real property located at 100 Daboll Street in Providence (the property). In 2006 Ms. Medina delivered a note to Homecomings Financial Network, Inc., in the principal amount of $268,000 and, as security for the note, executed a first mortgage in the same amount to Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings. The mortgage contained a power of sale provision in the event of default.[1] Unfortunately, Ms. Medina ceased making payments on the note in 2009 and thus defaulted on the note.

Federal Home Loan Mortgage Corporation (Freddie Mac) became holder of both the note and mortgage after a series of assignments and commenced this action in the Superior Court on March 18, 2016. Freddie Mac alleged that Ms. Medina had defaulted on the note and owed the sum of $460,867.10 as of January 29, 2016.[2]

---

[1] Paragraph 22 of the mortgage provides, in relevant part:

> "If the default is not cured * * * Lender * * * may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. * * *

> "If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower[.] * * * Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by applicable law."

[2] The verified complaint also names City of Providence Department of Inspection and Standards; Urologic Specialist of New England LLC; Mortgage Electronic Registration Systems, Inc.; and Homecomings Financial Network, Inc., as

Freddie Mac further alleged that it was entitled to foreclose the mortgage to satisfy defendant's obligations under the note and mortgage and, in its prayer for relief, requested that "an interlocutory decree enter authorizing the Plaintiff to foreclose the Mortgage * * * by the exercise of power of sale therein and in accordance with R.I.G.L. § 34-27-1, et seq."[3]   A constable served a summons and the verified complaint at the property on March 25, 2016, and Ms. Medina, through counsel, filed an answer on April 8, 2016.

Freddie Mac filed a motion for partial summary judgment on August 29, 2017, again seeking entry of an interlocutory decree as specified in the verified complaint. Freddie Mac asserted that it was entitled to conduct a private foreclosure sale pursuant to the statutory power of sale contained in the mortgage instrument, but that it nevertheless pursued this action because judicial oversight of all aspects of the foreclosure would allow adjudication of any defenses raised and thus promote judicial economy.  The defendant filed a written objection to the motion, arguing, in part, that the relief sought was not consistent with G.L. 1956 § 34-27-1. However, defendant later withdrew that objection.

---

defendants, and alleges that those defendants purportedly hold recorded liens against the property.

[3] General Laws 1956 § 34-27-1, the judicial foreclosure statute, provides that "[a]ny person entitled to foreclose the equity of redemption in any mortgaged estate, whether real or personal, may prefer a complaint to foreclose it, which complaint may be heard, tried, and determined according to the usages in chancery and the principles of equity."

The trial justice granted Freddie Mac's unopposed motion by order dated January 29, 2018, and thereby authorized foreclosure "by the exercise of power of sale therein and in accordance with R.I.G.L. § 34-27-1, et seq., subject to confirmation by this [c]ourt." The order also required Freddie Mac to provide notice and conduct the sale of the property in accordance with G.L. 1956 § 34-11-22 and § 34-27-4;[4] however, the order prohibited Freddie Mac from sending notice until after it issued a final decision regarding Ms. Medina's recently submitted loss-mitigation application.

On June 11, 2018, Freddie Mac assigned its interest in the mortgage to Ocwen. Freddie Mac thereafter moved to substitute Ocwen as plaintiff, stating that Freddie Mac had transferred its interest in the note and mortgage to Ocwen. Ms. Medina did not oppose that motion, and the court issued an order granting the substitution on September 4, 2018.

On September 12, 2018, Ocwen mailed a certified letter (the certified letter) to Ms. Medina notifying her, "in accordance with the statute," that Ocwen intended to hold a foreclosure sale on or after November 5, 2018, "under power of sale for breach of condition * * *." Ocwen subsequently published notice of the impending

---

[4] General Laws 1956 § 34-11-22 sets forth the statutory power of sale that "may be incorporated in any mortgage by reference[.]" Section 34-27-4 identifies the notice and publication requirements for foreclosures conducted pursuant to the statutory power of sale.

sale in *The Providence Journal* on October 15, 22, and 29, 2018. The published notice stated that the Property "will be sold * * * by virtue of the power of sale contained in a mortgage by Ana Medina[.]"

On December 14, 2018, Ocwen filed a motion to confirm the judicial foreclosure sale, wherein it stated that it had conducted the sale in accordance with the provisions of §§ 34-11-22 and 34-27-4. Ms. Medina objected to the motion on two principal grounds, alleging that (1) she did not receive a notice advising her of the availability of mortgage counseling services at least forty-five days prior to receiving the certified letter, in contravention of § 34-27-3.1; and (2) Ocwen had no authority to foreclose, because it owned neither the note nor the mortgage at the time of foreclosure.

Ocwen countered at the hearing on the motion to confirm that defendant's notice argument was without merit, because the matter before the court was a judicial, rather than a statutory, foreclosure. Ocwen explained that it had complied with the requirements set forth in § 34-27-4 as a matter of practice, because such compliance safeguards a borrower's constitutional rights. The trial justice granted Ocwen's motion and entered an order that provides, *inter alia*, "[t]he judicial

foreclosure sale is confirmed[.]"  The defendant subsequently appealed from that order.[5]

Although no final judgment has entered, the order confirming judicial foreclosure is an interlocutory order concerning the sale of real property.  Thus, this Court has jurisdiction pursuant to G.L. 1956 § 9-24-7, which provides: "Whenever, upon a hearing in the [S]uperior [C]ourt, * * * a sale of real or personal property [shall be] ordered, by an interlocutory order or judgment * * * an appeal may be taken from such order or judgment to the [S]upreme [C]ourt in like manner as from a final judgment[.]"  On appeal, Ms. Medina argues that the trial justice committed error by confirming the foreclosure sale because, she alleges (1) she had not been provided a copy of a § 34-27-3.1 notice of foreclosure counseling at least forty-five days prior to receiving the certified letter; and (2) plaintiff foreclosed the property without holding either the note or the mortgage.  We shall address these issues in turn.

## Applicability of § 34-27-3.1

The defendant first argues that the trial justice committed error in confirming the foreclosure sale because plaintiff failed to comply with § 34-27-3.1.  More specifically, Ms. Medina contends that Ocwen should have provided notice of

[5] Of the several defendants named in this action, only Ana Medina appealed from the order confirming foreclosure.

foreclosure counseling at least forty-five days prior to mailing the certified letter announcing the November 5, 2018 foreclosure sale. She argues that the action before the Superior Court was not a judicial foreclosure action, but rather a declaratory judgment action to exercise the statutory power of sale contained within the mortgage. In support of this, defendant points to various references to foreclosure under the statutory power of sale, not only in the certified letter and in the notice published in *The Providence Journal*, but also in the January 29, 2018 order granting partial summary judgment. In response, Ocwen contends that § 34-27-3.1 is inapplicable because that statute governs nonjudicial foreclosures initiated pursuant to § 34-27-4; according to plaintiff, Freddie Mac initiated a judicial foreclosure pursuant to § 34-27-1. Ocwen claims that it proposed use of procedures outlined in §§ 34-11-22 and 34-27-4 to promote judicial economy rather than "inventing unique procedures[.]"

Section 34-27-3.1, which was repealed by P.L. 2014, ch. 543, § 2, required mortgagees to advise mortgagors of the availability of mortgage counseling services through HUD-approved mortgage counseling agencies prior to initiating a nonjudicial foreclosure sale in accordance with § 34-27-4(b).[6] Accordingly, it

---

[6] Section 34-27-3.1 was enacted in 2009. It provided, in relevant part, as follows:
> "(a) No less than forty-five (45) days prior to initiating any foreclosure of real estate pursuant to subsection 34-27-4(b), the mortgagee shall provide to an individual consumer mortgagor written notice of default * * *[.]

follows that defendant's reliance on § 34-27-3.1 has no relevance unless plaintiff sought to foreclose on the property under the statutory power of sale.

At the outset, we observe that the foreclosure in this action was initiated upon the filing of a verified complaint in the Superior Court. Freddie Mac alleged default in the performance of the terms and conditions of a note and mortgage and sought entry of an interlocutory decree "authorizing the Plaintiff to foreclose the Mortgage * * * by the exercise of power of sale therein *and in accordance with R.I.G.L. § 34-27-1*, et seq." (Emphasis added.) A constable served the summons and verified complaint at the property; Ms. Medina not only filed an answer through counsel, but also challenged the propriety of proceeding under § 34-27-1—before withdrawing such challenge and all objections to partial summary judgment.

It is our opinion that Freddie Mac initiated a judicial foreclosure action in the verified complaint that it filed on March 18, 2016. Any reference to the statutory power of sale in the certified letter, or in the notice published in *The Providence Journal*, does not change the nature of the proceeding before the Superior Court. As

<hr>

> (b) The written notice required by this section * * * shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies * * *[.]"

Public Laws 2014, ch. 543, § 2 repealed § 34-27-3.1, amended § 34-27-3.2, and included a sunset provision with expiration on July 1, 2018. The thrust of defendant's argument is founded on her contention that § 34-27-3.1 had been revived upon the expiration of P.L. 2014, ch. 543, § 2 on July 1, 2018.

- 8 -

was argued persuasively prior to the granting of partial summary judgment, upon initiation of judicial foreclosure proceedings, the court first determines whether the mortgagee is entitled to foreclose the mortgage. If foreclosure is appropriate, the court then oversees the conduct and process of the foreclosure sale. In this action, the trial justice prescribed the process for the judicial foreclosure sale through the order dated January 29, 2018: the plaintiff would provide notice, and conduct the sale, according to the procedure outlined in § 34-11-22. The order also prohibited any certified mailing or publication of notice announcing the November 5, 2018 sale until after Freddie Mac issued a final decision regarding Ms. Medina's loss-mitigation application. As such, when the motion to confirm the judicial foreclosure sale was heard, the question before the trial justice was whether plaintiff had conducted the sale in accordance with the order dated January 29, 2018.

The record does not demonstrate deviation from the process prescribed in the order dated January 29, 2018; therefore, we discern no error in the decision of the trial justice to confirm the judicial foreclosure sale.[7]

## The Plaintiff's Authority to Foreclose

The defendant also asserts that the foreclosure sale should not have been confirmed because Ocwen foreclosed the property without holding either the note or

---

[7] Because of our firm opinion, we need not, and do not, decide whether § 34-27-3.1 would be applicable had this been a declaratory judgment action to exercise the statutory power of sale.

the mortgage. Ocwen counters that it is immaterial that it did not hold the note at the time of foreclosure, because it held the mortgage, and a mortgagee need not hold the note to foreclose on a property.

The defendant's assertion lacks merit. The record reveals that Freddie Mac assigned the mortgage to Ocwen prior to the foreclosure sale.[8] As this Court has "repeatedly said in a long line of cases stemming from *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013), a mortgagee need not hold the note in order to foreclose on a property." *Pimentel v. Deutsche Bank National Trust Company*, 174 A.3d 740, 745 (R.I. 2017).

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court and remand the papers in this case to the Superior Court.

---

[8] As noted *supra*, the record also reveals that defendant did not oppose the motion to substitute Ocwen as plaintiff after Freddie Mac assigned Ocwen its interest in the mortgage on June 11, 2018.



**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Ocwen Loan Servicing, LLC v. Ana Medina et al. |
| **Case Number** | No. 2019-241-Appeal. <br> (PC 16-1233) |
| **Date Opinion Filed** | March 25, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Jeffrey C. Ankrom, Esq. <br> Robert J. Durant, Esq. <br> For Defendant: <br><br> John B. Ennis, Esq. |